# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRIAN M. POWELL and TIFFANY POWELL,**

      **Plaintiffs,**

**v.**                                                           Case No:   6:18-cv-624-Orl-41KRS

**MORGAN PROPERTY SOLUTIONS, INC.,**

      **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST MORGAN PROPERTY SOLUTIONS INC. (Doc. No. 19)**
>
> **FILED:**       **July 19, 2018**

With this motion, Plaintiffs ask that the Court enter a Clerk's default against Defendant. Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Before a Clerk's default can be entered against a defendant, the Court must determine that the defendant was properly served. *See United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (citations omitted).

Here, Defendant, Morgan Property Solutions, Inc., is a corporation. Federal Rule of Civil Procedure 4(h) provides that a corporation may be served in a judicial district of the United States:

(1) by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to received service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant"; or (2) by following state law for making service in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)-(2) (incorporating Fed. R. Civ. P. 4(e)(1)).

In this case, the summons was directed to an address in Florida, and the United States Marshals Service's ("USMS") Process Receipt and Return form indicates that service was made in Florida. Florida Statutes § 48.081 provides:

>   (1) Process against any private corporation, domestic or foreign, may be served:
>
>   (a) On the president or vice president, or other head of the corporation;
>
>   (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
>   (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>
>   (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
>
>   (2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.
>
>   (3) (a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091 [that is, the corporation's registered agent]. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent. A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.

> (b) If the address for the registered agent, officer, director, or principal place of business is a residence, a private mailbox, a virtual office, or an executive office or mini suite, service on the corporation may be made by serving the registered agent, officer, or director in accordance with s. 48.031.
>
> (4) This section does not apply to service of process on insurance companies.
>
> (5) When a corporation engages in substantial and not isolated activities within this state, or has a business office within the state and is actually engaged in the transaction of business therefrom, service upon any officer or business agent while on corporate business within this state may personally be made, pursuant to this section, and it is not necessary in such case that the action, suit, or proceeding against the corporation shall have arisen out of any transaction or operation connected with or incidental to the business being transacted within the state.

In this case, the USMS's Process Receipt and Return form indicates that "Devinee Overton-Morgan (co-owner)" was served on June 27, 2018. Doc. No. 18.[1] Neither Rule 4(h) nor Fla. Stat. § 48.081 lists "co-owner" as a person upon whom service can be made when attempting to effect service on a corporation. Moreover, Plaintiffs' memorandum in support of their motion for Clerk's default does not provide explain how service on a "co-owner" comports with Rule 4(h) or Fla. Stat. § 48.081.

Accordingly, the motion for entry of Clerk's default against Defendant (Doc. No. 19) is **DENIED without prejudice**. A renewed motion must be filed by August 13, 2018. It must be supported by argument, with citations to authority, and evidence, if necessary,[2] establishing that

---

[1] I note that the summons was addressed only to Morgan Property Solutions, Inc., and, thus, that Plaintiffs did not direct the USMS to serve anyone in particular at the address listed on the summons—such as the president of Defendant or its registered agent. *See* Doc. No. 17.

[2] So, for example, if Plaintiffs contend that Ms. Overton-Morgan is the president or vice president of Defendant, is Defendant's registered agent, or is otherwise a person authorized to accept service on Defendant's behalf, they must provide evidence supporting that claim.

service was properly effected under federal or state law when "Devinee Overton-Morgan (co-owner)" was served.

**DONE** and **ORDERED** in Orlando, Florida on July 23, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE