## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

BRIAN M. POWELL and TIFFANY
POWELL,

     **Plaintiffs,**

v.             Case No: **6:18-cv-624-Orl-41KRS**

MORGAN PROPERTY SOLUTIONS,
INC.,

     **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

  This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED (Doc. No. 30)** |
| **FILED:** | **August 9, 2018** |

## I. BACKGROUND.

  In this case, Plaintiffs Brian and Tiffany Powell allege that Defendant Morgan Property

Solutions, Inc. ("Morgan Property") violated the federal Fair Housing Act, 42 U.S.C. § 3604

("FHA") when it denied their application to rent a house located at 2324 Douglas Thomas Ct. in

Orlando, Florida.   Doc. No. 9.   The Powells filed their second amended complaint on June 4,

2018.   *Id*.   The second amended complaint is supported by a number of attachments, including the

Powells' respective rental applications for the 2324 Douglas Thomas Ct. property, Doc. Nos. 9-4

and 9-5, and an email from Morgan Property denying their rental applications, Doc. No. 9-6.   The Powells filed motions to proceed *in forma pauperis*, Doc. Nos. 2 and 3, which I granted on June 5, 2018, Doc. No. 14.   In granting the motions to proceed *in forma pauperis*, I did not take a position on whether the second amended complaint states a claim on which relief can be granted.   *Id.* at 2 n.1.

On August 9, 2018, Morgan Property filed a motion to dismiss, arguing that the second amended complaint fails to state a claim on which relief can be granted.   Doc. No. 30.   The Powells responded in opposition on August 16, 2018.   Doc. No. 39.   The motion to dismiss has been referred to me, and it is now ripe for review.

## II.      LEGAL STANDARD.

Morgan Property moves to dismiss the Powells' second amended complaint under Federal Rule of Civil Procedure 12(b)(6).   "To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Id.* (quoting *Twombly*, 550 U.S. at 555).   A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555. Although a court must accept as true well-pled allegations, it is not bound to accept a legal conclusion couched as a factual allegation.   *Iqbal*, 556 U.S. at 678.   For purposes of this analysis, exhibits attached to the amended complaint are part of the pleading for "all purposes."   Fed. R. Civ. P. 10(c).

III.     **ALLEGATIONS OF THE SECOND AMENDED COMPLAINT.**

A.     The Parties.

Brian Powell ("Brian") is a veteran who presents as female with a diagnosis of Gender Dysphoria Disorder.   Doc. No. 9 ¶¶ 4, 6.   Tiffany Powell ("Tiffany") is Brian's spouse.   *Id.*     ¶ 10.   Morgan Property is a Florida corporation in the business of selling/renting dwellings.   *Id.* ¶ 13.

B.     Brian's Physical and Mental Handicaps[1].

Brian has a Department of Veterans Affairs ("VA") medical record of a number of physical handicaps, including chronic lumbar strain and bilateral lumbar strain IVDS[2]; chronically strained hips associated with bilateral lumbar spine IVDS; right knee and left knee patellofemoral syndrome with shin splints; chronically strained right and left ankles; sciatic nerve neuropathy in both lower extremities associated with chronic lumbar strain and lumbar bilateral IVDS; chronically strained right and left wrists with a large and painful ganglion cyst; and residual pain from a fracture of the right elbow radial head.   Doc. No. 9 ¶ 5.   Brian's physical handicaps limit her major life activities in multiple ways, including: (1) she cannot sit, walk, or change positions without assistive devices or the aid of a caretaker; (2) she cannot drive; (3) she cannot perform basic self-care, such as grooming, bathing, washing, dressing, or toileting, without the assistance of a caretaker; and (4) she cannot prepare meals for herself.   *Id.* ¶ 7.

Brian also has a medical record of several mental handicaps, including Generalized Anxiety Disorder; Major Depressive Disorder; Panic with Agoraphobia Disorder; and Gender Dysphoria Disorder.   *Id.* ¶ 6.   Brian's mental handicaps limit her major life activities in a number of ways,

---

[1] Both the second amended complaint and the FHA use the term "handicap," rather than disability, so that is the term I use in this Report and Recommendation.

[2] The second amended complaint does not define "IVDS."

including: (1) she cannot leave the confines of her home without suffering panic attacks; and (2) her ability to gain or maintain employment is limited because she suffers from panic attacks, loses focus and concentration, has memory loss, is irritable and hostile, and sometimes speaks irrationally, which causes her to be misunderstood in the workplace.  *Id.* ¶ 8.

C.    The Powells' Rental Application.

On February 16, 2017, Morgan Property's representative conducted an on-site showing of a rental home located at 2324 Douglas Thomas Ct., Orlando, Florida 32807 to the Powells.   Doc. No. 9 ¶ 19.   During the showing, the representative repeatedly questioned Brian concerning the existence and severity of her handicaps.  *Id.* ¶ 20.  The representative also asked whether Brian required modifications to the property to accommodate her handicaps.  *Id.*   The Powells explained the nature and severity of Brian's physical and mental handicaps.  *Id.* ¶ 21.  They informed the representative that they would require the installation of safety handrails in the bathrooms, shower and common areas of the home.  *Id.*   They also told the representative that Brian would require a ramp so that she could traverse the front step and garage door thresholds without injury.  *Id.* Morgan Property's representative asked for medical records to verify Brian's alleged handicaps since "major" modifications were being requested.  *Id.* ¶ 22.  At the end of the showing, the representative told the Powells that modifications were considered undesirable and that any other applicant who did not require modifications to the dwelling would be approved instead.  *Id.* ¶ 23. On the same day, after the showing, the Powells submitted rental applications for the 2324 Douglas Thomas Ct. property.  *Id.* ¶ 14; Doc. Nos. 9-4, 9-5.

On February 27, 2017, Morgan Property denied the Powells' rental applications via email. Doc. No. 9 ¶ 25; Doc. No. 9-6.   The email reads, in relevant part:

> Thank you for your rental application.   We recently received a lot of interest on this property and have processed more than one application.   After a review of the results

we find that you *would* qualify, but the owner has decided to go ahead with another application at this time.

Unfortunately we do not currently have any similar listings otherwise we would suggest one; however your application has been accepted as a backup in the event that the current approval falls through for some reason.  If that is the case we will contact you back <u>asap</u> to see if you are still interested.

Doc. No. 9-6 (emphasis in original).  Brian alleges that Morgan Property denied her rental application because of her physical and mental handicaps and because she required modifications to the dwelling to accommodate her physical handicaps.  Doc. No. 9 ¶¶ 15-16, 26-27.  Tiffany alleges that Morgan Property denied her rental application because of her association with Brian, who has physical and mental handicaps.  *Id.* ¶ 17, 37.

## IV.    DISCUSSION.

In the second amended complaint, the Powells allege that Morgan Property violated 42 U.S.C. § 3604(f), which provides, in relevant part:

As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful . . .

(f)(1)   To discriminate in the . . . rental, or to otherwise make unavailable or deny, a dwelling to any . . . renter because of a handicap of—

(A)    that . . . renter . . . [; or]

(C)    any person associated with that . . . renter . . . .

(3)   For purposes of this subsection, discrimination includes—

(A)    a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted.

In Count I of the second amended complaint, Brian alleges that Morgan Property violated § 3604(f)(1) by denying her rental application because of her handicaps.   In Count II of the second amended complaint, Tiffany alleges that Morgan Property violated the FHA when it refused to rent to her based on her association with Brian, also constituting a violation of § 3604(f)(1).

The U.S. Court of Appeals for the Eleventh Circuit discussed the pleading standard for a   § 3604(f)(1) claim at length in *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213 (11th Cir. 2016).   It expressly rejected the contention that a plaintiff must plead a *prima facie* case to survive a motion to dismiss:

> In a discrimination case, before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case.   Thus, the allegations in the complaint should be judged by the statutory elements of an FHA claim rather than the structure of the prima facie case.
>
> As relevant here, section 3604(f)(1) makes it unlawful to discriminate in the rental or, or to otherwise make unavailable or deny, a dwelling because of a disability of the renter or a person associated with the renter.   Before discovery, a plaintiff may not be able to plead all the facts necessary to prove that there was discrimination based on the disability.   For this reason, it is not necessary to state in the complaint, for example, that the housing remained available or was secured by an individual outside of the protected class.   But a complaint must allege that the adverse action was taken *because of* a disability and state the facts on which the plaintiff relies to support that claim.

*Id.* at 1221-22 (internal quotations, citations, and footnote omitted).

In *Hunt*, a mother and her adult son alleged that their apartment had been made unavailable to them because of the disability of the son.   *Id.* at 1219.   The court found that the complaint adequately alleged that the son had a "handicap" within the meaning of the FHA because it alleged that the son had Downs Syndrome, an intellectual disability that caused him to act like a seven-year-old child and have difficulty making himself understood.   *Id.* at 1222.   It found that the complaint alleged that the son displayed behavioral characteristics indicative of his intellectual disability in

the public areas of the apartment complex, thereby adequately alleging that the defendant apartment complex had actual knowledge of his disability. *Id.* As to causation, the court concluded:

> The [plaintiffs] pled that [the defendant] took adverse action against them because of [the son's] disability. The [plaintiffs] alleged that "[the defendant] treated [the son] differently solely because of his disability and did not want him residing at [the apartment complex.]" Even though [the mother] explained to [the property manager] how [the son's] disability could cause misunderstandings such as the perceived threat, [the property manager] disregarded her explanations and continued the eviction process.

*Id.* Finally, the court noted that the plaintiffs alleged that they were willing and qualified to continue renting their apartment. *Id.* Taken together, the court concluded that the complaint contained factual content that allowed the court to draw the reasonable inference that the defendant discriminated against the plaintiffs because of the son's disability. *Id.* at 1223.

In its motion to dismiss, Morgan Property appears to concede that the second amended complaint adequately alleges that Brian has "handicaps" within the meaning of the FHA. [3] Nonetheless, Morgan Property argues that the second amended complaint is due to be dismissed for several reasons: (1) Tiffany's claim for associational discrimination is not supported by sufficient factual allegations; (2) the denial email attached to the complaint makes it clear that the owner of the property, not Morgan Property, made the decision to deny the Powells' application; (3) the second amended complaint does not include any facts regarding the owner of the property, the application approval process, or whether Morgan Property had authority to deny the application;

---

[3] To the extent that Morgan Property does not concede this point, I recommend that the Court find that the Powells' extensive allegations regarding Brian's physical and mental handicaps and the limitations associated with those handicaps adequately allege that Brian has a "handicap" within the meaning of the FHA, which is defined as "a physical or mental impairment which substantially limits one or more of such person's major life activities." 42 U.S.C. § 3602(h)(1). *See also* 24 C.F.R. § 100.201 (defining "physical or mental impairment' to include any physiological disorder or condition affecting the musculoskeletal system and any mental or psychological disorder, such as emotional or mental illness; defining "major life activities" to mean "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working").

and (4) the Powells do not allege any facts to support the conclusion that they would qualify for the property based on credit-worthiness or income or that they otherwise qualified for the property.[4] Doc. No. 30, at 3-4.   None of these arguments are availing, as discussed below.

A.    Tiffany Powell's Associational Discrimination Claim.

First, Morgan Property argues that Tiffany's associational discrimination claim—Count II of the second amended complaint—is due to be dismissed.   Morgan Property concedes that the second amended complaint includes allegations regarding Brian's physical and mental handicaps but asserts that it is "devoid of any facts alleging any physical or mental handicaps on the part of Plaintiff Tiffany Powell of alleging any facts how Tiffany Powell was 'denied because of her association with her disabled spouse'."   Doc. No. 30, at 3.   Morgan Property also argues, "[T]he only allegations regarding Plaintiff Tiffany Powell is '(she) is the spouse of disabled Plaintiff Brian Powel[l]' and a legal conclusion that 'Defendant discriminated and made unavailable and denied the dwelling to Plaintiff Tiffany Powell because of her association with her disabled spouse.'"   *Id.*

Tiffany pursues a claim for associational discrimination under § 3604(f)(1)(C).   Thus, she need not allege that she suffers from a handicap.   Instead, she need only allege that the rental was made unavailable to her because of the handicap of any person associated with her.   Here, Tiffany alleges that Brian has handicaps within the meaning of the FHA and that she is associated with Brian by virtue of being Brian's spouse.   Doc. No. 9 ¶¶ 4-8, 10.   That is sufficient to allege that Tiffany is associated with a person with a handicap for purposes of § 3604(f)(1)(C).   *Cf. Pollere v. USIG Pa., Inc.*, 136 F. Supp. 3d 680, 684-86 (E.D. Penn. 2015) (denying motion to dismiss claim of associational discrimination based on association with a disabled spouse under a similar provision

---

[4] I note that Morgan Property's motion occasionally refers to the "Florida Housing Act."   The Powells do not bring any claims under the Florida Housing Act.   Accordingly, I assume that these are typographical errors and that all references to the Florida Housing Act are meant to refer to the federal FHA.

of the Americans with Disabilities Act, which prohibits employers from discriminating against qualified individuals "because of the known disability of an individual with whom the qualified individual is known to have a relationship or association").

As to causation, to survive a motion to dismiss, Tiffany need only allege facts from which the Court can plausibly infer that Morgan Property denied her rental application because she was associated with Brian, a person with handicaps.   Contrary to Morgan Property's argument, Tiffany's claim does not consist of a bare, conclusory statement that her rental application was denied "because of" her association with Brian.   Instead, the second amended complaint alleges[5] that the Powells visited the 2324 Douglas Thomas Ct. property together; during the visit, Morgan Property's representative asked for, and received, information about Brian's handicaps and the Powells' need for modifications to the property; Morgan Property's representative informed the Powells that modifications were undesirable and any other applicant who did not require modifications would be approved instead of the Powells; and Morgan Property denied the Powells' rental applications.   Doc. No. 9 ¶¶ 19-25.   These allegations are sufficient to support the inference that Morgan Property denied Tiffany's rental application because she was associated with a person with a disability.   *Cf. Matarese v. Archstone Pentagon City*, 795 F. Supp. 2d 402 (E.D. Va. 2011) (granting summary judgment in favor of plaintiff on § 3604(f)(1) claim where representative of a defendant told plaintiff that her lease was not being renewed because "they were tired of accommodating her chemical sensitivities"), *reversed in part on other grounds*, 468 F. App'x 283 (4th Cir. 2012) (per curiam).   Morgan Property cites no authority establishing that more extensive allegations are required.   Accordingly, I recommend that the Court reject this argument.

---

[5] Count II of the second amended complaint incorporates all of the previous factual allegations.   *See* Doc. No. 9 ¶ 35.

B.      The Denial Email.

Next, Morgan Property argues that the second amended complaint should be dismissed because the email denying the Powells' application states that the owners of the property made the decision to rent to another applicant.   Thus, Morgan Property argues, "[t]he legal conclusions in the Second Amended Complaint conflict with the attached statement which does not include any facts alleging anyone other than the owner made the decision or that the decision was made for a discriminatory reason."   Doc. No. 30, at 4.   This argument is unavailing for at least two reasons.

First, Morgan Property is not insulated from liability merely because the owner of the property may have been the one who made the ultimate decision to deny the Powells' applications or because it was the owner that harbored the discriminatory animus.   Under the FHA, an agent may be liable if it carries out the discriminatory direction of its principal.   *See Dillon v. AFBIC Dev. Corp.*, 597 F.2d 556, 562-63 (5th Cir. 1979) (citations omitted) (finding agent liable under the FHA where agent knew that owner's decision not to sell to plaintiffs was racially motivated, communicated owner's decision not to sell to plaintiffs, and made affirmative representations about owner's motives, thereby assisting owner in violating the FHA).[6]   Here, the Powells have alleged that Morgan Property's representative asked them about Brian's handicaps and the Powells' need for modifications and that the representative told them that their applications would be denied in favor of an applicant who did not require handicap-related modifications to the property.   Doc. No. 9 ¶¶ 20-23.   Even if that discriminatory preference came from the owner of the property, as stated in the email, these allegations plausibly support an inference that Morgan Property knew about the owner's discriminatory preference and then carried it out.

---

[6] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Second, Morgan Property's statement in the email does not, as Morgan Property claims, contradict the allegations of the second amended complaint such that the allegations of the second amended complaint should be disregarded.  *See, e.g.*, *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) (citation omitted) ("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").   A plaintiff can prevail on an FHA claim by showing that the stated reason for a housing denial is pretextual.  *See, e.g.*, *Woodard v. Fanboy, L.L.C.*, 298 F.3d 1261, 1265-66 (11th Cir. 2002) (discussing pretext in the context of a § 3604(b) familial status discrimination claim).   Here, the Powells have alleged that Morgan Property's representative told them that the modifications they needed due to Brian's disability were undesirable and that their applications would be denied in favor of an applicant not requiring modifications.   Doc. No. 9 ¶¶ 20-23.   These allegations plausibly support an inference that Morgan Property played a role in the ultimate decision to deny the Powells' applications, that the denial was because of Brian's handicaps, and that any attempt to shift the decision to the owner in the denial email is pretextual.[7]

Accordingly, I recommend that the Court reject Morgan Property's argument that the text of the denial email supports dismissal of the second amended complaint.

C.    Allegations About Ownership of the Property and Morgan Property's Role in Decision-Making.

In a similar vein, Morgan Property argues that the second amended complaint should be dismissed because it "fails to allege any facts regarding the specific owner of the property, the application approval process or whether Defendant had any authority to deny the application."

---

[7] The Powells do not use the language of "pretext," but the Court must construe the second amended complaint liberally because they are proceeding *pro se*.   *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

Doc. No. 30, at 4.    As the Eleventh Circuit observed in *Hunt*, plaintiffs may not be able to plead all the facts necessary to prove that there was discrimination before discovery and, thus, need only plead that they were discriminated against because of a handicap and facts in support of that assertion.   *Hunt*, 814 F.3d at 1222.   Details about the ownership of the property, the application process, and the decision-making process appear to be precisely the kinds of details to which the Powells would not have access prior to discovery and that the Eleventh Circuit has warned against requiring at the pleading stage.   Regardless, a property manager may be liable under the FHA even if it does not own the property, *see Sabal Palm Condos. of Pine Island Ridge Ass'n v. Fischer*, 6 F. Supp. 3d 1272, 1293 (S.D. Fla. 2014) (internal quotation marks and citations omitted) ("agents such as property managers can be held liable when they have personally committed or contributed to a Fair Housing Act violation"), and, as explained above, agents may be responsible for carrying out the discriminatory directives of their principals under the FHA.   Therefore, allegations about the ownership of the property and the decision-making process are not required in every case.   Instead, the Powells need only allege facts that support a plausible inference that Morgan Property denied their rental applications because of Brian's handicaps.   As previously discussed, the second amended complaint includes sufficient factual allegations to support such an inference.   Thus, I recommend that the Court reject this argument.

      D.     <u>The Powells' Qualifications to Rent the Property</u>.

Finally, Morgan Property argues that the second amended complaint should be dismissed because it lacks "any facts to support the conclusion that either [of the Powells] would qualify for the property at issue based on credit worthiness or income or that the [Powells] otherwise qualified for the property."   Doc. No. 30, at 4.   This argument is not well-founded.   Morgan Property's email denying the Powells' rental applications is attached to the second amended complaint, Doc.

No. 9-6, and is, thus, considered a part of that complaint for all purposes. Fed. R. Civ. P. 10(c). The email states that Morgan Property had reviewed the Powells' applications and that they "*would qualify*," but the owner had selected another application. It also states that the Powells' application had been accepted as a backup. Doc. No. 9-6. Keeping in mind the Court's obligation to read the Powells' *pro se* second amended complaint liberally, this suffices to plausibly allege that the Powells were qualified to rent the 2324 Douglas Thomas Ct. property. Accordingly, I recommend that the Court reject this argument.

## V. RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Defendant's Motion to Dismiss Second Amended Complaint for Failure to State a Cause of Action Upon Which Relief Can be Granted (Doc. No. 30).

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 27, 2018.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy