# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BRIAN M. POWELL and TIFFANY POWELL,

        Plaintiffs,

v.                                                         Case No:   6:18-cv-624-Orl-41LRH

MORGAN PROPERTY SOLUTIONS, INC.,

        Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **PLAINTIFFS' MOTION TO DISMISS (Doc. 76)**
>
> **FILED:**    September 26, 2019
>
> ---
>
> **THEREON** it is respectfully **RECOMMENDED** that the motion be **GRANTED**.

> **MOTION:**    **DEFENDANT MORGAN PROPERTY SOLUTIONS' MOTION FOR SANCTIONS PURSUANT TO RULE 37 AND RULE 41(B) FOR NOT OBEYING A DISCOVERY ORDER (Doc. 74)**
>
> **FILED:**    September 25, 2019
>
> ---
>
> **THEREON** it is respectfully **RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART**.

**I.     BACKGROUND**

The tortured history of this case began on April 20, 2018 when Plaintiffs Brian M. Powell ("Mr. Powell") and Tiffany Powell ("Mrs. Powell"), both of whom are proceeding *pro se* and have been granted *in forma pauperis* status (*see* Doc. 14), filed a four-count Complaint against Defendant Morgan Property Solutions, Inc. ("Morgan Property") alleging violations of the Fair Housing Act, 42 U.S.C. § 3604(f)(1)(A) and (C) ("FHA") (Counts 1-3), and a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681m(a) ("FCRA") (Count 4).  (Doc. 7).[1]  On June 4, 2018, the Plaintiffs filed a second amended complaint removing the FCRA claim and proceeding solely on two counts of discrimination under the FHA.   (Doc. 9).

Unfortunately, since the filing of the amended complaint, the parties have engaged in contentious motions and discovery practice which, in the undersigned's opinion, has unnecessarily prolonged the litigation of this case, as well as wasted attorney, litigant, and Court resources. Numerous unsuccessful motions for default have been filed (*see* Docs. 19, 23, 26-29, 31), as well as various motions for sanctions.   (Docs. 34, 36, 44).   The parties also experienced extreme difficulties in agreeing on the most basic of discovery and trial management issues – the Court was forced to hold a preliminary pretrial conference in order to establish the Case Management and Scheduling Order ("CMSO") in this case.   (Docs. 36, 41-44, 46-48).   Several motions to compel followed.   (Docs. 63, 70).

---

[1] The Plaintiffs' original version of their complaint contained the full name of their minor daughter. Magistrate Judge Karla R. Spaulding directed the Clerk of Court to remove the original complaint from CM/ECF and ordered the Plaintiffs to file a redacted complaint. (Doc. 4). The Plaintiffs complied on May 14, 2018.   (Doc. 7).

On September 5, 2019, the undersigned held a hearing on Morgan Property's motion to compel Mr. Powell's[2] attendance at deposition. (Docs. 63, 68). Mr. Powell refused to appear in person at his deposition, but instead sought to be deposed remotely via telephone or online in order to accommodate the numerous physical and mental impairments that he suffers from. Morgan Property refused to accommodate this request. After hearing argument from both sides, the undersigned scheduled Mr. Powell's deposition for September 25, 2019 at 10:00 a.m., to be held at his current place of residence. (Doc. 69 at 3). The undersigned further accommodated Mr. Powell by directing counsel for Morgan Property to conduct the deposition remotely, using appropriate audiovisual recording equipment – the only persons who would appear at Mr. Powell's residence would be the court reporter. (*Id.*). The undersigned's order (which was issued on the same day as the hearing – September 5, 2019) further stated that "[i]f either party must change any aspect of [Mr. Powell's] deposition, that party must timely file an appropriate motion explaining why the relief sought is necessary. **Changing any aspect of [Mr. Powell's] depositions set forth in this Order without Court approval may result in the imposition of sanctions against the offending party.**" (*Id.* at 4 (emphasis in original)).

Unfortunately, Mr. Powell did not heed the undersigned's warnings. On September 25, 2019, the court reporter hired by Morgan Property arrived at Mr. Powell's current place of residence on time to conduct the deposition. (Doc. 74). Mr. Powell did not allow the court reporter entrance into his residence – he did not answer the door, and he did not answer any telephone calls. (*Id.*).

---

[2] At the hearing, Mr. Powell informed the undersigned that he identifies as female and goes by the name Brooklyn Powell. The undersigned referred to Mr. Powell as Brooklyn during the hearing. However, the CM/ECF docket and all pleadings continue to reflect that Mr. Powell is proceeding under his original name (Brian). Thus, to ensure continuity of the record, the undersigned continues to refer to Mr. Powell in the masculine and as his name appears on the docket and all pleadings.

The court reporter waited at the residence until 10:30 a.m., completed a Certificate of Non-Appearance, and left. (Doc. 74-1). At no time between the issuance of the September 5, 2019 order and the date of deposition did Mr. Powell file any motion seeking to change the date, time, or location of the deposition.[3] Instead at 9:59 a.m. on September 25, 2019, one minute before Mr. Powell's deposition was scheduled to start, the Plaintiffs jointly filed a notice of voluntary dismissal, seeking to dismiss all claims without prejudice. (Doc. 72). The undersigned subsequently struck the notice pursuant to Fed. R. Civ. P. 41(a)(1)(A), and informed the Plaintiffs that if they wished to dismiss their case, they must either file a motion to dismiss or a stipulation of dismissal signed by all parties. (Doc. 75).

Based on Mr. Powell's failure to appear at his deposition in apparent violation of the undersigned's September 5, 2019 order, Morgan Property filed a motion for sanctions pursuant to Fed. R. Civ. P. 37 and 41(b). (Doc. 74). Morgan Property filed its motion in the early evening hours of September 25, 2019, and seeks sanctions in the form of attorney's fees and costs, as well as dismissal of the case in its entirety. (*Id.* at 5-6). As of the date of this Report, the Plaintiffs have not responded to the motion, therefore it is deemed unopposed. The following day, September 26, 2019, the Plaintiffs filed a motion to dismiss all claims without prejudice. (Doc. 76). Morgan Property has not responded to the motion, however, the Plaintiffs have submitted a Local Rule 3.01(g) conferral certification which states that the parties were unable to reach agreement on the

---

[3] The Plaintiffs did, however, file a motion for protective order and to compel discovery, stating that Morgan Property refused to respond to their requests for production and, as such, requested a protective order "protecting plaintiff Brian Powell from answering 'ambush' deposition inquiries in connection with their outstanding discovery document requests. . . ." (Doc. 70 at 4). The undersigned directed Morgan Property to file an expedited response to the motion to compel, and stated that Mr. Powell's deposition "shall proceed as scheduled on September 25, 2019 as ordered by the Court." (Doc. 71). Morgan Property filed a timely response to the motion (Doc. 73), and it remains pending.

motion. (Doc. 77). The motion for sanctions and the motion to dismiss have both been referred to the undersigned for issuance of a Report and Recommendation, and they are ripe for review.

**II. ANALYSIS**

With the exception of Morgan Property's request for a monetary sanction, both motions essentially seek the same relief – dismissal of this action in its entirety. The undersigned will therefore address both motions together.

Rule 41 of the Federal Rules of Civil Procedure governs the ability of a plaintiff to dismiss an action voluntarily and without prejudice. Rule 41(a)(1) permits a plaintiff to dismiss voluntarily an action without prejudice without first seeking leave from the court as long as the defendant has not yet filed either an answer or a motion for summary judgment, whichever occurs first. Once an answer or a summary judgment motion has been filed, Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action only "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Such a voluntary dismissal upon order of the court is also deemed without prejudice unless otherwise specified by the court. *Id*. In this case, Morgan Property has already filed an answer (Doc. 57), therefore Rule 41(a)(2) applies.

"The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McCants*, 781 F.2d at 856-57. Further, the fact that a plaintiff may gain a tactical advantage in future litigation will not act as a bar to a Rule 41(a)(2) voluntary dismissal. *See McCants*, 781 F.2d at 857. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Durham v.*

*Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967).[4] In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants*, 781 F.2d at 857.

Here, both Plaintiffs have jointly moved to dismiss the case without prejudice. (Doc. 76). Upon a review of the record as a whole, the undersigned finds that there has been no showing of any "clear legal prejudice" or loss of any "substantial right" that would fall upon Morgan Property if a dismissal without prejudice is granted. In fact, Morgan Property has not presented any argument whatsoever on this point; rather in its motion for sanctions, Morgan Property also requests dismissal as a sanction, but is silent as to whether it should be with or without prejudice. (*See* Doc. 74 at 5-6 (seeking "an Order dismissing the action.")). Moreover, a review of the case shows that at the time the Plaintiffs filed their motion to dismiss, discovery was still open, and no dispositive motions had yet been filed. And although Morgan Property did not agree to the Plaintiffs' motion, it has not provided any argument as to why dismissal should be with prejudice as opposed to without prejudice.

Thus, the only clear legal prejudice that could arise in this case would be the potential resurrection of the Plaintiffs' claims. This is not enough to warrant a dismissal with prejudice. Accordingly, the undersigned will therefore recommend that the motion to dismiss be granted, and the case dismissed without prejudice.[5]

---

[4] The decisions of the Fifth Circuit rendered before October 1, 1981 are binding on this circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[5] The undersigned is recommending dismissal without prejudice for three reasons. First, neither side has requested a dismissal with prejudice. Second, the record reflects that it is only Mr. Powell who has engaged in the egregious behavior that forms the subject of this Report; there is nothing in the record – and Morgan Property has not made any argument – that Mrs. Powell bears

Additionally, even if the Plaintiffs had not filed their Rule 41(a)(2) motion, the undersigned would still recommend dismissal of this action (at least as it pertains to Mr. Powell)[6] under both Federal Rule of Civil Procedure 37(b)(2)(A) and 37(d)(1) due to Mr. Powell's failure to attend his own deposition and blatant disregard for this Court's discovery orders.  *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (noting that Rule 37 provides courts with broad discretion to control discovery, including "the ability to impose sanctions on uncooperative litigants.").   Mr. Powell was well aware of his obligations to appear at his deposition, he was notified orally at the September 5, 2019 hearing, again in writing in an order entered that same day (Doc. 69), and a third time in an order entered the day before the deposition was to take place.  (Doc. 71).  Mr. Powell was also aware that if he could not appear at his deposition – which the undersigned afforded the accommodation of occurring at his own place of residence – he was to notify the Court in advance. He did not do so, and his ineffective attempt to voluntarily dismiss his case one minute before the deposition was scheduled to begin does not excuse his behavior.  Such blatant disregard for this Court's orders more than justifies the sanction of dismissal.

There is one last issue to consider – Morgan Property's request for a monetary sanction in the form of its fees and costs incurred in preparing for and attending the September 25, 2019

---

any responsibility for her husband's failure to appear at his deposition.  Indeed, the motion to compel and the undersigned's order on that motion were directed solely at Mr. Powell.  (*See* Docs. 63, 69).  While the undersigned could engage in speculation as to Mrs. Powell's ability to influence her husband with respect to participating in discovery, such speculation is insufficient to merit the most severe sanction of dismissal with prejudice as it pertains to her.  Third, as discussed below, the undersigned is recommending that dismissal of this case be conditioned on the Plaintiffs' payment of certain attorney's fees and costs in the event they later seek to refile their claims.  The undersigned believes that this condition will afford Morgan Property some level of protection from any future vexatious litigation.

[6] Although Morgan Property does not specify in its motion, any sanctions awarded would only be levied against Mr. Powell, as he is in the only party who failed to comply with a discovery order in this case.  (*See* Docs. 63, 69, 74).

deposition. While the Court clearly has the discretion to award such an additional sanction – *see* Federal Rule of Civil Procedure 37(b)(2)(C) – the undersigned will decline to recommend such a sanction in this case. There are several reasons for this. First, the parties have demonstrated a pattern of uncooperative and contentious litigation and discovery practice. Any award of sanctions will undeniably result in additional motion papers, briefing, and perhaps a hearing – in other words the Court's docket will be unnecessarily clogged up in an attempt to resolve any monetary sanctions. Second, an award of sanctions would only be as to Mr. Powell, as there is no evidence or suggestion that Mrs. Powell bears any responsibility for Mr. Powell's failure to attend his own deposition. Thus, in an effort to finally bring this case to a conclusion, the undersigned will recommend that Morgan Property's motion for sanctions be granted to the extent that it seeks an order of dismissal, but otherwise denied.

However, this does not mean that the Plaintiffs should be able to escape their own litigation scot-free. Rather, the undersigned will recommend that this case be dismissed without prejudice, with the added condition that if the Plaintiffs seek to refile their claims against Morgan Property, the Plaintiffs will first be required to pay all reasonable costs and attorney's fees incurred by Morgan Property in the preparation for, and attendance at, Mr. Powell's September 25, 2019 deposition (including the costs of the court reporter). *See* Fed. R. Civ. P. 41(d); *McCants*, 781 F.2d at 857-60; *Potenburg*, 252 F.3d at 1260 ("Where the 'practical prejudice' of expenses incurred in defending the action can be 'alleviated by the imposition of costs or other conditions,' the district court does not abuse its 'broad equitable discretion' by dismissing the action without prejudice.'") (quoting *McCants*, 781 F.2d at 859). By conditioning dismissal in this manner, the undersigned believes that Morgan Property's interests will be protected, the considerable expenses that it has already incurred in a case that was litigated for nearly 18 months will be somewhat ameliorated in the event

- 8 -

the case is refiled, and the severity of Mr. Powell's behavior is recognized. Moreover, the Plaintiffs' *in forma pauperis* status (*see* Doc. 14) does not make the conditioning of a dismissal on the payment of costs and fees unjust. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant. Courts can assess costs and monetary sanctions against IFP litigants."). *See also Bagley v. Tucker*, No. 4:12-cv-611-WS/CAS, 2013 WL 1912580 (N.D. Fla. Feb. 25, 2013) (assessing a reduced amount of costs under Rule 41(d) against an indigent plaintiff proceeding *in forma pauperis*), *report and recommendation adopted*, 2013 WL 1912579 (N.D. Fla. May 8, 2013).

### III. CONCLUSION

Accordingly, for the reasons set forth in this Report, it is respectfully **RECOMMENDED** that:

1. The Plaintiffs' Motion to Dismiss (Doc. 76) be **GRANTED**

2. The case be **DISMISSED WITHOUT PREJUDICE** in its entirety.

3. The Defendant's Motion for Sanctions Pursuant to Rule 37 and Rule 41(b) for not Obeying a Discovery Order (Doc. 74) be **GRANTED IN PART** with respect to the requested sanction of an order of dismissal, and otherwise **DENIED**.

4. The Plaintiffs be required to pay Morgan Property's attorney's fees and costs, including the costs of the court reporter, incurred in the preparation for, and attendance at, the September 25, 2019 deposition as a prerequisite for refiling their claims against Morgan Property pursuant to Fed. R. Civ. P. 41(d).

5. All pending motions be **DENIED AS MOOT**.

6. Judgment be entered accordingly, and the case closed.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 20, 2019.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy